GARRISON, Judge.
This is an appeal from a judgment of the district court dismissing both plaintiff’s workmen’s compensation suit as premature and plaintiff’s tort suit under R.S. 23:1032 on the basis of plaintiff’s statement in his deposition that plaintiff knew of no intentional acts committed by any of the defendants which were causative of his accident. From that judgment which we now affirm in part and reverse in part, plaintiff appealed.
Our first consideration is the dismissal of plaintiff’s tort action. The statements on which the court relied are found in plaintiff’s deposition as follows:
“Q. Now, your lawyer has filed a lawsuit in which he not only alleges that you have a claim for workmen’s compensation, but he alleges that there are certain other persons who were employed on this job who were responsible for your injury, and that their acts were intentional. Do you know of anything that Mr. Cassimus or Greer did to be considered to be of an intentional nature, that they meant what happened to you to happen to you?
A: No, not offhand. (Depo. pp. 23-24).
******
“Q: My question to you is: There have been allegations that certain acts that allegedly resulted in your injury, are a result of intent of certain parties; particularly Mr. Cassimus, Miguel, as you call him, and Billy Greer. Do you know of any intent upon their part?
A: I don’t really know how to answer that. (Depo. pp. 24-25).
******
“Q: So, the only thing that you can indicate to me, and I’m not asking you to be a lawyer or give me a legal conclusion, but I’m asking you, as a layman, the only thing you can indicate to me that has any relationship to the possibility of intent was maybe Miguel and/or Billy were mad at you?
A: Probably, there’s a probability.
Q: That they were angry?
A: There’s a probability.” (Depo. p. 28).
The phrase “intentional act” is a term of art and the finding that a party committed an act which is an “intentional act” under R.S. 23:1032 is a conclusion of law.[1]
The plaintiff is not competent to offer opinion evidence of a legal conclusion as he neither was nor could be qualified as an expert. R.S. 15:466; R.S. 15:464; R.S. 15:463. Accordingly, the district court erroneously dismissed plaintiff’s case on the basis of inadmissible testimony.
Turning now to the issue of prematurity of the workmen’s compensation suit, we note that the district court made the following finding:
“. . . plaintiff, in deposition, testified that he has been and is still receiving compensation benefits. There is nothing *687 to show that any proper expenses have not been paid . . . ”
During his deposition, plaintiff stated that he was still receiving compensation and that his compensation payments had not been terminated. The plaintiff also indicated that he had not been reimbursed for local travel expenses, however, the deposition of John Landwehr, the claims adjuster on the case, indicates that plaintiff has not requested payment for travel expenses. Accordingly, we conclude that the exception of prematurity was properly maintained.
For the reasons discussed, that portion of the judgment dismissing plaintiff’s workmen’s compensation suit is affirmed. The portion of the judgment dismissing plaintiff’s suit in tort is reversed with directions that the case be remanded for further proceedings.

AFFIRMED IN PART, REVERSED IN PART.

CHEHARDY, Judge, concurring.
I concur in the result.

. See Weir v. Commissioner of Internal Revenue, 109 F.2d 996, 997 (3rd Cir., 1940) for a discussion of the various meanings of the word “intent.”